# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GARY GREENWAY,** | ) | **CASE NO.1:15CV1720** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **KIMBERLY-CLARK CORP. ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motions to Strike and Dismiss of Defendants Kimberly-Clark Corporation and I-Flow, LLC. (ECF Nos. 7 & 8).  For the following reasons, the Court GRANTS, in part, these motions and dismisses Plaintiff's claims against Defendants for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

On or about November 9, 2007, Plaintiff Gary Greenway underwent shoulder surgery to address a torn labrum.  Post-operatively, physicians utilized a pain pump known as "On-Q" to administer anesthetic medicines to the Plaintiff's shoulder area.  The On-Q was allegedly utilized for four consecutive days until November 13, 2007, because Plaintiff continued to experience pain among other post-operative symptoms.  As a result of the continuous infusion of pain medication administered by the On-Q pain pump Plaintiff allegedly developed shoulder cartilage damage in the form of narrowing of the joint space within the shoulder and a condition known as "chondrolysis."  Chrondrolysis is the permanent loss of cartilage within

a joint.  As a result of the alleged injury sustained from the On-Q, Plaintiff alleges pain, a reduction of outdoor and athletic activities and the enjoyment of life, in addition to necessary shoulder replacement surgery at some point in the future.

Plaintiff alleges that the On-Q pain pump was defective and caused his injuries.  The On-Q pain pump was designed as a pain medicine infusion pump for attachment to a catheter to continuously deliver local anesthetic medication to an impacted area.  The On-Q pain pump was designed, manufactured and distributed by I-Flow, LLC.  At the time of Plaintiff's shoulder operation in 2007, Defendant Kimberly-Clark Corporation had no affiliation with I-Flow, LLC.  Two years after the operation, Kimberly-Clark Corporation effectuated a merger between its subsidiary, Boxer Acquisition, Inc. and I-Flow, LLC in November 2009.

Plaintiff's claims include common law strict products liability for design defect and failure to warn and common law negligence against I-Flow, LLC and Kimberly-Clark Corporation.  The relief sought for the two claims includes economic and non-economic damages, compensatory damages, punitive or exemplary damages, disgorgement of profits, attorney's fees and costs, prejudgment interest and costs of suit and interest on special and general damages.  The only issues of dispute under the current Motions to Strike and Dismiss are the strict products liability claim, negligence claim, punitive damages request for relief, attorney's fees and costs request for relief and successor in interest liability of parent corporation Kimberly-Clark.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a

claim has been adequately stated in the complaint. *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994)(*citing Nishiyama v. Dickson County, Tenn.* 814 F.2d 277, 279 (6th Cir. 1987)). The basic pleading requirements are set out in Rule 8(a) and call for "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; Fed.R.Civ.P. 8(a). Rule 8(a) does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) a court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.*" Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). A complaint only requires "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*citing In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). However, while construing the complaint in favor of the non-moving party, a court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993); *see also Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007). A complaint will only be dismissed pursuant to Rule 12(b)(6) when there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if there is an insurmountable bar to relief on the face of the complaint. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Defendants have also moved to strike claims for relief pursuant to Rule 12(f), which provides that "[t]he court may strike from a pleading any insufficient defense or any

redundant, immaterial, impertinent or scandalous matter."

**B. Discussion**

On the face of the Complaint Plaintiff's claims are common law claims.  Plaintiff's

claims do not reference in any way the Ohio Products Liability Act (OPLA) found in Ohio

Revised Code Sections 2307.71 through 2307.80.  The Ohio Revised Code is clear that the

Ohio Legislature intended to abrogate all common law claims.  Effective April 7, 2005, the

OPLA was amended to provide that "Sections 2307.71 to 2307.80 of the Revised Code are

intended to abrogate all common law product liability claims or causes of action." Ohio Rev.

Code Section 2307.71(B).  Both parties agree that Ohio law governs the Plaintiff's claims,

which are subject to the OPLA.

Even when construing the Complaint in a light most favorable to the Plaintiff, the

common law claims alleged in the Complaint are insufficient to properly state a claim upon

which relief can be granted.  Plaintiff's first claim of strict products liability is abrogated by

the OPLA. *See Wimbush v. Wyeth*, 619 F.3d 632, 637 (6th Cir. 2010)(strict liability is

codified by the Ohio Products Liability Act); *Nationwide Agribusiness Ins. Co. v. CNH

America LLC*, 1:12-CV-01430, 2014 WL 2520502 (N.D. Ohio June 4, 2014)(common law

claims of breach of warranty and strict liability are preempted by the OPLA); *Mitchell v.

Proctor & Gamble*, 2:09-CV-426, 2010 WL 728222, 3 (S.D. Ohio Mar. 1, 2010)("The OPLA

has been held to abrogate claims for strict products liability."); *McConnell v. Cosco, Inc.*, 238

F.Supp.2d 970, 974-76 (S.D. Ohio 2003)(Strict products liability claims in Ohio are governed

by the OPLA).  Plaintiff's second claim of negligence is similarly abrogated by the OPLA.

*See Saraney v. TAP Pharm. Prods.*, No. 1:04-CV-02026, 2007 U.S. Dist. LEXIS 3113, 2007

4

WL 148845 (S.D. Ohio January 16, 2007) (negligence claim is preempted by the OPLA); *Miller v. ALZA Corp.*, 759 F.Supp.2d 929, 943-44 (S.D. Ohio 2010)(common law claims of negligence, breach of express warranty and breach of implied warranty are abrogated by the OPLA); *Paugh v. R.J. Reynolds Tobacco Co.*, 834 F.Supp. 228, 230 (N.D. Ohio 1993)(allegations that there was negligence in how cigarettes were "tested, researched, sold, and promoted" fell under OPLA).

"Claims that are authorized by the Ohio Products Liability Act should be pled with reference to the applicable provision of the Act." *Williams v. Bausch & Lomb Co.*, No. 2:08-CV-910, 2009 WL 2983080, at 4 (S.D. Ohio Sept. 14, 2009)(*citing Delahunt v. Cytodyne Technologies*, 241 F.Supp.2d 827, 844 (in order to avoid confusion with respect to product liability claims, the complaint should clarify which section of the OPLA governs each of the plaintiff's claims)).  Non-statutory common law claims are routinely dismissed with leave to be re-plead under the OPLA. *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F.Supp.2d 785 (N.D. Ohio 2010); *see also Crisp v. Stryker Corp.*, No. 09-CV-02212, 2010 WL 2076796 (N.D. Ohio May 21, 2010); *Miles v. Raymond Corp.*, 612 F.Supp.2d 913 (N.D. Ohio 2009); *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965 (S.D. Ohio June 17, 2008).

Consistent with the courts in *Evans*, *Williams*, *Stratford* and various others, the Court finds that the allegations set forth in Plaintiff's claims for strict products liability and negligence should be plead under the authorization of the Ohio Products Liability Act. Plaintiff's claims for strict products liability and negligence are therefore dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Plaintiff's breach of

implied warranty claim is insufficient as it is only briefly mentioned early in the Complaint with no other reference and the Plaintiff concedes this issue. (Pl.'s Resp. to Def.'s Mot. Dismiss ¶ 2, ECF No. 10).  The breach of implied warranty claim is also dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

The Court need not reach the issue of successor in interest and liability of a parent corporation presented by Defendant Kimberly-Clark Corporation in its Motion to Dismiss because all the claims against the Defendants are dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Likewise, the issues presented in the Motions to Strike under Rule 12(f) will not be addressed.  These issues have become moot with the dismissal of Plaintiff's claims.

### III. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS, in part,** Defendants I-Flow, LLC and Kimberly-Clark Corporation Motions to Dismiss. (ECF # 7 & 8).   Plaintiff's claims for strict products liability, negligence and breach of implied warranty are dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  June 24, 2016

6